IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JOHN PARTEE and FANNIE PARTEE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 08-2246-STA |
| TOMMY L. CALLAHAN, individually and in his Capacity as an officer or agent of the Memphis Police Department, CITY OF MEMPHIS, TENNESSEE; | ) ) ) ) ) | |
| Defendants. | ) | |

### ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL

Before the Court is Plaintiffs John Partee and Fannie Partee's Motion for New Trial (D.E. # 166) filed on December 4, 2009. Defendants Tommy L. Callahan and City of Memphis filed responses in opposition to Plaintiffs' Motion on December 18, 2009, (D.E. # 167 & 168, respectively). For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

### BACKGROUND

Plaintiffs John Partee and Fannie Partee filed this civil rights action against Defendants Tommy L. Callahan and the City of Memphis, Tennessee pursuant to 42 U.S.C. § 1983 and Tennessee state law. Plaintiffs alleged that Defendant Callahan, a reserve officer with the Memphis Police Department, used excessive force in arresting Plaintiff John Partee on April 5, 2007. The matter was tried to a jury, and a verdict was returned in favor of Defendants. Plaintiffs have filed the instant Motion for New Trial pursuant to Fed. R. Civ. P. 59(a) asserting

eleven grounds of error.  More specifically, Plaintiffs allege that they are entitled to a new trial because the Court erred in: (1) denying Plaintiffs' motion in limine to preclude the Defendants from offering pre-use of force actions; (2) denying Plaintiffs' *Batson* challenge; (3) precluding Plaintiffs from offering evidence that Defendant Callahan was relieved of duty pending an investigation for the use of excessive force while employed in Holly Springs; (4) precluding Plaintiffs from offering into evidence that Defendant Callahan had been criminally charged and indicted for actions towards John Partee; (5) granting Defendants' motion for directed verdict on Plaintiffs' negligence claims; (6) denying Plaintiffs' jury instructions on the use of force; (7) precluding Lt. Tow from testifying concerning officer integrity, corruption, and the City of Memphis' hiring practices; (8) granting the City of Memphis' motions in limine pertaining to prior use of force of MPD officers and indictments of MPD officers; and (9) in dismissing Plaintiffs' state law claims against the City of Memphis by Order dated September 22, 2009. The Plaintiffs also allege that they are entitled to a new trial because (10) Defendant Callahan's counsel engaged in misconduct, and (11) the verdict was against the weight of the evidence. Defendant Callahan and the City have both filed responses asserting a new trial is not warranted in this matter.

## STANDARD OF REVIEW

Fed. R. Civ. P. 59(a)(1)(A) provides in pertinent part:

> The court may, on motion, grant a new trial on all or some of the issues - and to any party as follows: (1) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . .

Under this standard, "a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages

being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceeding being influenced by prejudice or bias."[1]  The authority to grant a new trial under Rule 59 rests within the discretion of the trial court.[2]

## ANALYSIS

As a preliminary matter, the Court notes that neither party has provided the Court with a transcript of the proceedings nor do they cite to specific portions of the record in their briefs. Thus, the Court will base its rulings on the testimony it heard at trial.

As noted above, the Plaintiffs assert eleven grounds in support of their Motion for New Trial.  Therefore, the Court will address each alleged error in turn.

*A.  Evidentiary Rulings*

Of these eleven grounds, five are allegedly erroneous evidentiary rulings.[3]  The Court has reviewed these rulings, and finds Plaintiffs' objections to be without merit.  A district court may order a new trial if it has "improperly admitted evidence and a substantial right of a party has been affected."[4]  As the Sixth Circuit has explained, however, "even if a mistake has been made

---

[1] *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045 (6th Cir. 1996).

[2] *Allied Chem. Corp. v. Daiflon, Inc*., 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

[3] Plaintiffs allege the Court erred in (1) denying Plaintiffs' motion in limine to preclude the Defendants from offering pre-use of force actions; (2) precluding Plaintiffs from offering evidence that Defendant Callahan was relieved of duty pending an investigation for the use of excessive force while employed in Holly Springs; (3) precluding Plaintiffs from offering evidence that Defendant Callahan had been criminally charged and indicted for his actions towards John Partee; (4) precluding Lt. Tow from testifying concerning officer integrity, corruption, and the City of Memphis' hiring practices; and (5) granting the City of Memphis' motion in limine pertaining to prior use of force of MPD officers and indictments of MPD officers.

[4] *Logan v. Dayton Hudson Corp*., 865 F.2d 789, 790 (6th Cir. 1989).

3

regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial."[5] Even if the Court had come to the opposite conclusion regarding the allegedly erroneous admission or exclusion of evidence at trial, the outcome of the trial would not have changed. Moreover, none of the evidentiary rulings to which Plaintiffs cite, taken individually or as a whole, affected the substantial rights of a party in this case, and a new trial is not required.

### B. Batson Challenge

Plaintiffs also allege that the Court erred in denying Plaintiffs' *Batson* challenge. Plaintiffs argue that the Defendants purposefully exercised all of their peremptory challenges to exclude African Americans from the jury in violation of their rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

As an initial matter, the Court reiterates that neither party provided it with a transcript of the proceedings. The Court, however, instructed the Clerk of the Court to include the portion of the transcript on the record concerning the *Batson* challenge at the time of trial. Therefore, the Court will rely on this portion of the transcript for this assignment of error.

In *Batson v. Kentucky*, the Supreme Court held a litigant's constitutional right to equal protection includes assurance a party may not exercise a peremptory challenge to remove an individual on account of that person's race.[6] This protection has been extended to civil trials.[7] In order to establish an equal protection challenge under *Batson*, a party is required to establish a

---

[5] *Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500, 514 (6th Cir. 1998). *See also* Fed. R. Civ. P. 61.

[6] *Batson v. Kentucky*, 476 U.S. 79 (1986).

[7] *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 616 (1991).

*prima facie* case.[8]  If it meets that burden, the other party is required to proffer a race-neutral explanation for its decision.[9]  Finally, if a race-neutral explanation is tendered, the trial court must then decide whether the opponent of the strike has proved purposeful discrimination.[10]

In the case at bar, during voir dire, Plaintiffs' counsel made a *Batson* challenge, contending that both Defendants exercised all three of their peremptory challenges against African Americans on the jury panel.[11]  More specifically, Plaintiffs made a *Batson* challenge as to Mr. Bonds, an African American male.[12]  The Court then asked Defendant Callahan to proffer a nondiscriminatory reason for his challenge.[13]  Callahan's counsel responded that the primary reason for the strike was that Mr. Bonds stated he had previously been arrested.[14]  Callahan's counsel also noted that Mr. Bonds nodded his head before he finished his questions.[15]  The Court also asked Defendant City of Memphis, who like Defendant Callahan exercised a peremptory challenge to strike Mr. Bonds, to proffer a nondiscriminatory reason for its challenge.[16]  Defendant City of Memphis stated that the strike was based on Mr. Bonds past arrest.[17]  The

---

[8] *United States v. Mahan*, 190 F.3d 416, 424 (6th Cir. 1999).

[9] *Id.*

[10] *Id.*

[11] *See* (D.E. # 169) for November 17, 2009 Transcript Excerpt.  Tr. at 4.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.* at 7.

[17] *Id.*

Court then noted that it had concerns with Defendants' strikes but ultimately determined that Defendants' counsel expressed a nondiscriminatory basis for Mr. Bonds challenge.[18] As such, the Court denied Plaintiffs' *Batson* challenge.[19]

Plaintiffs argue that Defendants' proffered explanations for striking Mr. Bonds were insufficient. More specifically, the Plaintiffs assert that Defendant Callahan's proffered explanation, Mr. Bonds previous arrest, has to be viewed in light of Defendant Callahan's counsel's comment that "he might not be receiving a fair trial by a 'jury of his peers' because many of the potential jurors were African American and his client was white." Plaintiff paraphrases counsel's comments and furthermore takes them out of context.

The Court asked Defendant Callahan's counsel to explain why he felt Mr. Bonds could not be impartial, after he had assured the Court he could.[20] In that context, Callahan's counsel stated:

> Okay. Reason number one, he was given a citation that he did not pay and was subsequently arrested. And we feel like that that arrest will taint his ability to hear the proof correctly. And, your Honor, might I add that we were going to bring a *Batson* challenge based on the fact they've eliminated every white juror up until this point until Mr. Jackson. And if you turn it around, I think it is fair to say we are probably going to have another objection based on whether or not he's going to be able to be judged by a jury of his peers.[21]

Taken in this light, counsel's comment had no impact on the proffered reason for Mr. Bond's strike, his arrest. Rather, Defendant's counsel was asserting his own concerns with Plaintiffs

---

[18] *Id.* at 9.

[19] *Id.*

[20] *Id.* at 5.

[21] *Id.* at 5-6.

peremptory strikes.

Just as the Court did at the time of trial, the Court finds that Defendants' counsel asserted a non-discriminatory reason for striking Mr. Bonds, his previous arrest. This case involved Plaintiff John Partee's arrest and the subsequent events surrounding that arrest.  As such, the jurors feelings towards law enforcement and former experiences, such as arrests, were relevant nondiscriminatory reasons for striking jurors such as Mr. Bonds.  Furthermore, the sufficiency of Defendants' proffered explanations was bolstered by the fact that both Defendant Callahan and Defendant City of Memphis struck Mr. Bonds on the same basis, his former arrest.  Therefore, the Court finds that Plaintiffs failed to show that Defendants' strike was a product of purposeful discrimination, and thus a new trial is not warranted on this ground.

### C. Callahan's Counsel's Misconduct

Plaintiffs next argue that they are entitled to a new trial due to Defendant Callahan's counsel's conduct.  More specifically, Plaintiffs contend that the Court should have admonished counsel in front of the jury for asking Plaintiff John Partee about his prior "run ins" with the MPD and about a workers' compensation impairment rating.  In both instances, the Court instructed the jury to disregard the question but did not admonish counsel.  Plaintiff John Partee did not provide an answer to either of counsel's questions.  Plaintiffs contend, however, that a stronger admonishment of Defendant Callahan's counsel was warranted.  The Court, however, disagrees.  The Court finds that its directive to the jurors to disregard both questions was sufficient and thus any prejudice Plaintiffs suffered by counsel's question alone was overcome. The Court further finds that any further admonishment of Defendant's counsel would have been inappropriate under the circumstances.  Therefore, Plaintiffs are not entitled to a new trial on this

ground.

### *D. Directed Verdict on Negligence Claims*

Plaintiffs also contend that the Court erred in granting Defendant Callahan's oral motion for directed verdict to dismiss Plaintiffs' negligence claims. In their Complaint, Plaintiffs alleged state law claims of negligence and negligent infliction of emotional distress against Defendant Callahan. In the instant Motion, Plaintiffs assert that Callahan's conduct was at least negligent. To support this proposition, Plaintiffs cite (1) Callahan's own admission that he failed to follow proper procedure in removing John Partee from his vehicle, (2) Deputy Chief Cole's testimony that Callahan did not follow proper procedures in removing Partee from his vehicle, and (3) the fact that Partee suffered injuries to his nose and hand due to his placement on the ground by Defendant Callahan. Based on these facts, Plaintiffs contend that the jury could have determined Defendant Callahan's conduct was at least negligent.

Fed. R. Civ. P. 50 governs directed verdicts. Under Fed. R. Civ. P. 50,

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

A motion for judgment as a matter of law should be granted "whenever there is a complete absence of pleading or proof of an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ."[22]

Under Tennessee state law, a negligence claim requires proof of the following elements:

---

[22] *Tuttle v. Franklin County*, No. 96-5116, 1997 WL 1375327,*4 (6th Cir. July 7, 1997)(quoting *Tuck v. HCA Health Servs. Inc.*, 7 F.3d 465, 469 (6th Cir. 1993)).

(1) a duty of care owed by the defendant to the plaintiff, (2) conduct by the defendant falling below the standard of care that amounts to a breach of that duty, (3) an injury or loss, (4) causation in fact, and (5) proximate or legal cause.[23]  A claim for negligent infliction of emotional distress requires that the plaintiff establish the elements of a general negligence claim.[24]  In addition, the plaintiff must establish the existence of a serious or severe emotional injury that is supported by expert or scientific evidence.[25]

At trial, the Court granted Defendant Callahan's motion as to Plaintiffs' negligence claims because it reasoned that the only evidence proffered by Plaintiffs concerned Defendant Callahan's alleged intentional acts.  The Court acknowledged that Plaintiffs primary argument concerning Defendant Callahan's alleged negligent conduct was his failure to follow MPD policy in removing John Partee from his vehicle.  The Court, however, noted that Defendant Callahan testified that he was aware of the policy but chose to disregard it.  Thus, the Court reasoned that Defendant Callahan could not have breached any duty he owed to John Partee via his intentional act.  As to Plaintiffs negligent infliction of emotional distress claim, the Court noted that there was simply no evidence in the record to support such a claim.

In the instant Motion, Plaintiffs reiterate their argument that Callahan's failure to follow MPD procedures in removing John Partee from his vehicle arguably amounted to negligence.  Just as it did at trial, the Court finds this argument without merit.  In effect, Plaintiffs seem to argue that Defendant Callahan's violation of MPD policies is negligence per se.  Plaintiffs,

---

[23] *Hale v. Ostrow*, 166 S.W.3d 713, 716 (Tenn. 2005).

[24] *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 52 (Tenn. 2004).

[25] *Id*.

9

however, provide no support for this proposition in the instant Motion nor did they at trial.

As noted above, to make out a negligence claim, Plaintiffs must show (1) a duty of care owed by Defendant Callahan to the Plaintiff, (2) conduct by the Defendant falling below the standard of care that amounts to a breach of that duty, (3) an injury or loss, (4) causation in fact, and (5) proximate or legal cause.  Here, Defendant Callahan had a duty to do what a reasonable prudent reserve officer would do under same or similar circumstances.  Although not specifically stated, Plaintiffs seem to argue that a reasonable prudent reserve officer has a duty to exactly follow MPD policies concerning removal of suspects from vehicles.  According to the Plaintiffs, any deviation amounts to a breach of that duty.  Plaintiffs, however, failed to proffer any evidence at trial that a reasonable prudent reserve officer would never deviate from MPD policies.  Instead, Plaintiffs simply relied on Defendant Callahan's admission that he deviated from the policy and Deputy Chief Cole's assessment that Defendant Callahan acted improperly in failing to follow MPD policies.  Therefore, the Court finds that since Plaintiffs failed to proffer evidence as to Defendant Callahan's alleged breach of duty, they could not make out their prima facie case of negligence.

Plaintiffs also contend that the injuries John Partee sustained to his hand and nose support their position that Defendant Callahan's conduct was at least negligent.  The Court, however, finds that this evidence goes to the injury element of their negligence claim and does not make out the claim as a whole.

As an additional matter, since Plaintiffs failed to proffer sufficient evidence to make out a general negligence claim, they also failed to make out a claim for negligent infliction of emotional distress.  A claim for negligent infliction of emotional distress first requires proof of a

10

general negligence claim. As such, the Court finds that it did not err in granting Defendant Callahan's motion for a directed verdict as to Plaintiffs' negligence claims. A new trial is not warranted on this ground.

### *E. Jury Instructions*

Plaintiffs also contend that the Court erred by failing to include their proposed changes to the Court's instruction on "Excessive Force." More specifically, Plaintiffs contend that the Court should have included the language "was actively resisting or attempting to evade arrest by flight at the time of the use of force" and

> The use of any force by officers simply because a suspect is argumentative, contentious, or vituperative is illegal. Force can only be used to overcome physical resistance or threatened force, and a lack of provocation or need to use force would make any use of force excessive. The use of more force than is necessary or of force for an improper purpose is unconstitutional.

As noted by the Sixth Circuit, claims of error in jury instructions require the instructions to be reviewed as a whole in order to determine whether they adequately informed the jury of the relevant considerations and provided a basis in law for aiding the jury in reaching its decision.[26] For instance, the Sixth Circuit has stated "this court may reverse a judgment on the basis of improper jury instructions only if the instructions, when viewed as a whole, were confusing, misleading and prejudicial."[27] A court's disregard of a party's proposed jury instruction does not amount to prejudicial error unless the party can prove that the instructions that were given were misleading or gave an inadequate understanding of the law.[28]

---

[26] *O-So Detroit, Inc. v. Home Ins. Co.*, 973 F.2d 498, 502 (6th Cir. 1992).

[27] *United States v. Wells*, 211 F.3d 988, 1002 (6th Cir. 2000).

[28] *Tuttle,* 1997 WL 1375327,*4.

11

Here, the Plaintiffs argue that by not including the "was actively resisting or attempting to evade arrest by flight at the time of the use of force" language, the Court allowed the jury to improperly consider evidence of prior resistance or evasion on the part of Plaintiff John Partee. Plaintiffs cite the "segmenting analysis" the Sixth Circuit used in *Dickerson v. McClellan*[29] for this proposition.

In *Dickerson v. McClellan*, a 42 U.S.C. § 1983 case, the Sixth Circuit was faced with "how broadly to view the circumstances relevant to the excessive force issue."[30] More specifically, the Court employed a segmenting analysis to determine whether the force the officer used was reasonable.[31]

In the case at bar, the Court instructed the jurors that:

In making this [excessive force] determination, you may take into account the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight.

This instruction is based on the United States Supreme Court's decision in *Graham v. Connor*, holding that all claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment's objective reasonableness standard, rather than under a substantive due process approach.[32] Additionally, this instruction is taken almost verbatim from the note section

---

[29] *Dickerson v. McClellan*, 101 F.3d 1151 (6th Cir. 1996).

[30] *Id*. at 1161.

[31] *Id*.

[32] *Graham v. Connor*, 490 U.S. 386 (1989).

of Kevin F. O'Malley's *Federal Jury Practice and Instructions*.[33] As such, the Court finds Plaintiffs assertion that its instruction was improper without merit.

As noted above, Plaintiffs also contend that the Court should have included an additional instruction concerning "the use of force." The Court, however, finds that the instructions given were an accurate statement of the law and sufficient to apprise the jurors of the current state of the law. Therefore, the Court finds that Plaintiffs' assignment of error as to this ground is without merit. As such, a new trial is not warranted.

### F. Verdict Against Weight of the Evidence

Additionally, Plaintiffs contend that the jury's verdict was against the great weight of the evidence. A new trial may only be granted under this standard when no reasonable juror could have reached the challenged verdict.[34] Judges are not permitted to reweigh the evidence and set aside a jury's verdict because the judge believes that another result would have been more reasonable.[35]

This case involved facts and theories on which reasonable minds could differ. The jury was tasked with weighing the evidence and the credibility of the witnesses, and thus the Court finds no support for Plaintiffs' claim that the verdict was not supported by the evidence. To the contrary, there was sufficient evidence from which the jury could find in favor of the Defendant by a preponderance of the evidence. As such, Plaintiffs' assignment of error as to the weight of

---

[33] Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, § 165.23 Excessive Force, *Federal Jury Practice And Instructions* (5th ed. 2009).

[34] *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820-21 (6th Cir. 2000).

[35] *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967).

the evidence is therefore without merit.

### *G. Dismissal of Plaintiffs State Law Claims Against Defendant City in September 22, 2009 Order*

Finally, in the instant Motion before the Court, Plaintiffs assert eleven grounds of error. Plaintiffs, however, only brief ten grounds. More specifically, Plaintiffs do not brief how the Court erred in dismissing Plaintiffs' state law claims against the Defendant City in its September 22, 2009 Order. As such, the Court declines to reach the merits of this claim. A new trial is not warranted on this ground.

### *H. Oral Argument*

The Court notes that Plaintiffs have requested oral argument on the instant Motion before it. The Court, however, finds that such argument is unnecessary to the Court's analysis. Therefore, Plaintiffs' request is denied.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for New Trial is **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 15th, 2010.